The opinion of the court was delivered by
Duncan, J.
The only material matter in this cause is, whether there was any evidence of a delivery of the release from Tuttle to Williams, before the expiration of three months from the date of his assignment. Theassignment was dated March, 28th 1823; and the provision was, that none of the creditors “should have or receive any benefit or advantage under the assignment, unless within three months after its execution, and notice thereof for thirty days in two of the daily papers of the city of Philadelphia, they executed and delivered a complete release of all demands, &c. to William#, the assignor.” The assignees were Edward Tuttle, the defendant in error, Enoch Mudge, and Benjamin Mien, who were parties to, and executed the instrument.
*217 The evidence of .delivery, as stated in the paper book, is, that when the assignment was made, there were also three releases prepared by the counsel who drew it, one of which, was delivered to each of the assignees; that Tuttle executed the release which was in his possession on the 23d of June, 1823, in the office of Mr. Kittera, and two of his students, and after the execution of it, put it into his pocket, and went away with it in his possession;-that Williams left the city of Philadelphia for New-Orleans, a few days before the 17th of Jlpril, 1823, and did not return until Sunday the 30th' of June'following; that the said release was; offered on behalf of Tuttle to Williams, on the first of July, 1823, and the latter refused to accept it; that the person who offered it to Williams got it from Tiittle for that purpose, and after the refusal returned it to him. The release of all the creditors claiming under the assignment, except Tuttle, was executed within the three months, and delivered to Mudge, with whom it remained. Notice was given within the thirty days, in the terms prescribed by the assignment, by the terms of which, .Tuttle was the first preferred creditor, but he had not, on the first of July, 1823, paid the notes which were indorsed by him, and discounted by Williams at Girard’s Bank. The part of the charge excepted to, is contained in the second specification of errors assigned; that there was no delivery of the release of the 23d June, 1823; and if there was error in that, the judgment must be reversed. The doctrine as to the proof of the delivery of deeds has much abated in its rigor of late years. Delivery is essential, but it is a matter of fact to be decided by the-jury. The court may decide, and reject the deed if the proof be altogether defective; but they may, and most frequently do, leave it to the jury. Comm. of Berks Co. v. Ross, 3 Binn. 539. At one time it was supposed that a deed could not be good without subscribing witnesses, because the delivery could only be proved by a witness who saw it delivered; but there is no general rule which has so many exceptions as this; for if there be no subscribing witnesses, the hand-writing of the grantor may be pi’oved; or if the subscribing witnesses are dead, or cannot be found, are interested, become infamous, insane, or blind, proof of this hand-writing will be sufficient. The reasoning of the Chief Justice in Long v. Ramsay, 1 Serg. & Rawle, 72, is conclusive. He observes, “that subscribing witnesses of late are not necessary; it is enough if there was a sealing and delivery, and of that the jury were to judge, and upon proof of the hand-writing of the obligor, they may presume the sealing and delivery.” The great difficulty in this case arose from the grantor keeping the deed in his possession; but in deciding questions of evidence, we must look to the subject matter, the situation of the parties, and the object of the deed. The rule has been .relaxed to suit the convenience of mankind. Rules of evidence are continually accommodating themselves to the exigencies of society, and in nothing is this more re- *218 markable, as we have stated, than in the case of proof of deeds. What is-now evidence of delivery, would not have been so fifty years ago. The jury are judges of the fact, of what is probable, and make their own deduction as to the fact of delivery. But even in days of the extreme rigor, no particular form of words or acts was required; for a deed might be delivered to the party himself, or to some stranger, for his use, without his authority; his assent precedent, or assent subsequent, was sufficient. In Shelton’s Case, (Cro. Eliz. 7.) the deed was sealed in the presence of the grantee, but not delivered, nor did the grantee take it, but it was left behind the parties in the same place, yet in the opinion of all the justices, it was a good grant, for the parties came for that purpose, and performed all'that was requisite for the perfecting it, except an actual delivery. So in Alford & Lea’s Case (2 Leon. 110,) Alford brought debt upon a bond against Lea, and the case was, that the parties were bound one to the other, upon condition to stand to the award of B. and C., who awarded, that the said Lea, before such a feast, should make a release to Alford, but no place was assigned where the release should be delivered to the plaintiff. Lea, before the said feast, sealed a release according to the award, and delivered the .samé to one Pine, to the use of the plaintiff, who delivered it to one Mason, one of the servants of Alford, the plaintiff, who; two or three days after, offered it to Alford, who refused to receive it, but it was held, that the award upon this matter was well performed, notwithstanding the refusal of Alford. So Tawe’s Case, Dyer, 167, A. enseals quoddum scriptum obligat. and delivered the same to one C. to deliver it to the obligee, who delivered it accordingly as the deed of A.; the obligee refused to receive it, but afterwards got the obligation, and recovered upon it. If a man throws a writing on a table, and says nothing, and the other party take it up, this does not amount to a delivery, unless it be found that he put it there with an intention to deliver it as his deed, Chamberlain & Staunton’s Case, 1 Leon. 140. Owen, 45. The question was fairly left to the jury, whether the release was executed with a full intent to come in under the assignment, or with a lurking design on the part of Tuttle to use it, or not to use it, according to circumstances. The deed purported to be sealed and delivered, and from that alone the jury might presume, and ought to have presumed a delivery. The circumstance of his keeping the release, was very different from the case of an obligor keeping the bond, for that would be inconsistent with a delivery. There was no one in this case to deliver the release to; for though Williams had bound himself, under his hand and seal, to receive the release, he went to New Orleans; so that it could not be delivered to him, after its execution, within the three months; it was offered to him as soon as he returned, which was a few days after the time had elapsed, and he refused to receive it. The releases, by the terms of assignment; were to be delivered to one of the as *219 signees; each one had authority to receive them; forms were left in their hands by Williams's direction for. this purpose: the releases of the other creditors were delivered to Mudge, one of the assignees, whose own release must have been delivered to himself, and kept by himself; Tuttle was a proper recipient of the release under the assignment, at least, as proper as Mudge. If there is a circumstance by which the will of the obligor appears that, it should be delivered, and the obligee agrees to receive it, and the obligor considers and treats it as a deed delivered, a circumstance by which it shall be known that he treats it as his deed, without condition or explanation, it will be sufficient, and from- it a jury may presume a delivery. • By the trust deed, Williams agreed to receive the release of Tuttle, and that too, under his hand and seal. While the old rule was in force, that none but the witnesses could prove the fact of sealing and delivery, still, when they did nolappear, upon being subpoenaed, and the party produced .an indorsement upon the deed, reciting, that if he paid such a sum, the deed should be void, and acknowledging the said sum was not paid; this acknowledgment was held proof of the deed. Dillon v Crawley, 12 Mod. Rep. 500 If any circumstantial evidence could prove a sealing and delivery, nothing could be stroriger than the circumstances of this case, or better presumptive evidence to á jury of the fact of delivery, and accordingly the jury have found, that Tuttle did bona fide intend by what he had done, to execute the release, and considered it, and treated it, as a release. If he had brought an action against. Williams for his original debt, Williams could have set up this instrument as a release; he could have proved its execution by Tuttle, who would not have been heard, against this public and notorious execution, to allege a mental reservation; and it is npt an immaterial circumstance, that immediately on Williams's return, the release was offered to him; and thereby acting, as he did, in the double relation of trustee and creditor, Tuttle would be estopped to deny it; and it ought to- be presumed to have been left in his custody by mutual consent. The proof would be on Williams to show that this deed, attested by two witnesses, as a deed sealed and delivered in their presence, was not the deed of Tuttle; to prove that there was no delivery, and that it was so understood at the time. An act so public and authentic as this, could not be qualified by any secret mental reservation. Whatever may have been the fact as to the custody of the deed, I do not think that it can alter its operation, provided it was duly delivered in the first instance, so as to'become valid in law. The inquiry into the subsequent history of the release tends to confirm the facts of scaling and delivery; for immediately «pon the return of Williams, the release was offered to him, not by redelivery, or recreation, but as a deed delivered on the day it bore date. In Goodrich v. Walker, 1 Johns. Ca. 550, and Soubervie *220 v. Arden, 1 Johns. Cha. Rep. 240, it was held, that a formal delivery was not essential, if there be any act evincing the intent.
I am therefore of opinion, that under the circumstances of this case, and, keeping in view the particular situation .of the parties, and the'public, authenticated execution of this paper, it was binding on Tuttle, and consequently a release delivered within three months. The charge with respect to the notes discounted at Girard’s Bank was quite right; and in the main, the plaintiffs in error had no just reason to complain of the instruction given to the jury.
Judgment affirmed.
Ro&jeks and Huston, Justices, came upon the Bench after the cause was argued, and therefore gave no opinion,